### FRANK FORD v. W. H. SANDFORD, ETC.

**Vendor and Purchaser—Sale in Gross.**

> Where the bond for title shows that the transaction was a sale and purchase in gross, and the deficit is less than five per cent, a court of equity will not interfere on the ground of fraud or mistake as to the quantity of land.

APPEAL FROM OWEN CIRCUIT COURT.

June 18, 1873.

OPINION BY JUDGE LINDSAY:

Appellee alleges in his petition that the contract for the sale of the land had been so far executed that the entire purchase money had been paid, and possession received, it remaining only for the appellant to execute and deliver the deed of conveyance stipulated for by his bond for title. He sues to recover back a portion of the purchase price thus alleged to have been paid, upon the ground that there was a deficit in the quantity, or estimated quantity, of land; this deficit, according to the survey made by order of court, and upon appellant's motion, is less than five per cent. of the quantity it is alleged the parties at the time of the sale estimated the tract to contain. The bond for title, exhibited by appellee, shows that the land was sold and purchased by the tract. It was essentially a sale in gross. If the supposed quantity was referred to in the negotiations at all, there is nothing in the written contract nor in the proof from which it can be inferred that the parties did not intend to risk the usual rates of excess or deficit, such rates as might be reasonably calculated on as within the range of ordinary contingency. The deficit in this case is not extraordinary, nor unreasonable. It does not, in our opinion, present a case authorizing a court of equity to interfere to relieve appellee upon the idea either of fraud or of such a mistake as to render it unconscientious for appellant to insist that the contract shall be executed just as the parties made it.

The judgment in favor of Sandford is reversed and the cause remanded with instructions to settle the accounts of the parties without regard to the deficit in the quantity of the land. On the appeal against Berryman the judgment is *affirmed*.

*Craddock & Roberts, for appellant.*

*Lindsey, Drane, for appellee.*